**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Jonassen,<br><br>    Petitioner,<br><br>v.<br><br>Unknown Shartle,<br><br>    Respondent. | No. CV-17-00284-TUC-DCB (JR)<br><br>**ORDER** |

      On February 6, 2019, the United States Court of Appeals for the Ninth Circuit issued an Order remanding this case for the limited purpose of granting or denying a certificate of appealability. (Order (Doc. 69). In its Order issued on April 26, 2018, dismissing the Petitioner's Petition Under 28 U.S.C. § 2241, this Court found that a certificate of appealability would not issue in the event the Petitioner appealed. Judgment was entered on April 26, 2018.

      Plaintiff filed a Motion for Reconsideration, which was denied on May 17, 2018. (Order (Doc. 46)).[1]

      On June 26, 2018, Plaintiff filed a Notice of Appeal Re: the Order and Judgment dismissing his case. (Notice of Appeal (Doc. 48.) Plaintiff, nevertheless, continued to file various motions in this case which this Court denied because the case was on appeal. On October 22, 2019, the appellate court issued an Order that the matter was proceeding as a

---

[1] Plaintiff filed the Notice of Appeal prematurely, which was returned by the Ninth Circuit to this Court and filed in this case by the Clerk of the Court on April 26, 2018. It was denied because of the pendency of the Motion for Reconsideration.

request for a certificate of appealability. (Doc. 57.) On October 30, 2018, the appellate court issued a Mandate relying on a June 26, 2018, Order wherein it had held that it lacked jurisdiction because the "order challenged in the April 23, 2018, notice of appeal [was] not final or appealable" because magistrate judges' findings and recommendations are not appealable." (Doc. 58.) This conclusion may have been an error because this case was never referred to a magistrate judge and no findings and recommendations were ever issued herein. On November 16, 2018, the appellate court issued an Order denying a certificate of appealability. (Doc. 61.) This Court understood this decision would end the appeal, pending issuance of a Mandate.

Then, on November 26, 2018, this Court ruled on one of the many motions filed by Plaintiff during the pendency of the appeal and denied him leave to renew his Motion for Reconsideration and to continue his IFP status. (Order (Doc. 62)). Still pending are: Motion for Release Upon Time Served, . . . (Doc. 63), Notice of Addendum (Doc. 67), and Motion for Complete Excerpt Request (Doc. 68). He also filed a Notice of Appeal Re: Doc. 62 which is this Court's Order denying him leave to renew his Motion for Reconsideration and to continue IFP status. This Court understands this Order (Doc. 62) to be the subject of the recent directive from the appellate court to issue a finding regarding a certificate of appealability.

The Court has reviewed the Order issued on November 26, 2018. At the time the Court denied Plaintiff's request to renew the motion for reconsideration, the Order denying reconsideration was on appeal. The Court denied it for this reason. Since then, the denial of reconsideration has been affirmed in that the Ninth Circuit Court of Appeals' decision to not issue a certificate of appealability for review of this Court's Order denying reconsideration. (Doc. 61.) Correspondingly, there is no basis for issuing a certificate of appealability for this Court's Order denying Plaintiff leave to reurge it, here. The Court also finds that Plaintiff's repeated filings in case at the same time he is proceeding on appeal has wasted judicial resources. For all substantive purposes this case is closed, and the Court will not allow any further filings to be made in it unless and until the Ninth Circuit

Court of Appeals should issue a Certificate of Appealability and then reverse and remand the case for further proceedings. The Court shall strike all the currently pending motions.

**Accordingly,**

**IT IS ORDERED** that the Court does not issue a Certificate of Appealabilty in this Appeal Re: the denial of Plaintiff's request to renew his Motion for Reconsideration.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 63 and 68) filed in this closed case are STRICKEN.

**IT IS FURTHER ORDERED** that the Plaintiff shall not make any further filings in this case unless or until the Ninth Circuit Court of Appeals should issue a Certificate of Appealability and then remand it for further proceedings.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event the Plaintiff files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Dated this 6th day of March, 2019.

Honorable David C. Bury
United States District Judge